FILED
IN OPEN COURT

MAR 2 3 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr17 |
| | ) | |
| SONYA SKINNER, | ) | |
| | ) | |
| *Defendant*. | ) | |

## STATEMENT OF FACTS

If this matter had gone to trial, the United States would have proven Counts One and Two contained in the criminal information beyond a reasonable doubt, by proof of the following facts, among others:

The defendant, SONYA SKINNER was in the business of preparing bankruptcy petitions pursuant to 11 U.S.C. § 110. SKINNER operated the business A1 Credit Services. SKINNER was not an attorney and not permitted to provide legal advice in the preparation of bankruptcy petitions.

On August 17, 2010, the United States Bankruptcy Court for the Eastern District of Virginia, ordered defendant SONYA SKINNER to pay fines and fees with respect to her activities as a bankruptcy petition preparer. SKINNER was specifically enjoined from participating in fraudulent, unfair or deceptive practices in the preparation of bankruptcy petitions and enjoined from any acts that constitute the unauthorized practice of law. SKINNER never paid the requisite fines and fees and continued to act as a bankruptcy petition preparer.

On July 3, 2012, the United States Bankruptcy Court for the Eastern District of Virginia issued another order pertaining to SKINNER. Specifically, after a hearing conducted on June 26,

1

2013, at which defendant SKINNER was present, the court found that SKINNER had failed to comply with its August 17, 2010, order and continued to act as a bankruptcy petition preparer. As a result, the court ordered that the defendant SKINNER be enjoined from acting as a bankruptcy petition preparer in any jurisdiction of the United States until she filed proof that she had complied with the August 17, 2010, order; requested and provided timely notice of a hearing with respect to the same; and obtained an order from the court dissolving the injunction. SKINNER never complied with this order and continued to act as a bankruptcy petition preparer.

On August 6, 2013, the United States Bankruptcy Court for the Eastern District of Virginia issued yet another order pertaining to SKINNER. The court found that SKINNER continued to act as a bankruptcy petition preparer in violation of its orders of August 17, 2010, and July 3, 2012. As a result, the court permanently enjoined the defendant SKINNER from acting as a bankruptcy petition preparer in the Eastern District of Virginia and every other district, jurisdiction, Bankruptcy Court, or District Court of the United States of America. This order was mailed to defendant SKINNER, via first class United States Mail, on August 8, 2013, at her address of record in Hampton, Virginia. SKINNER never complied with this order and continued to act as a bankruptcy petition preparer.

On April 14, 2014, the United States Trustee filed a motion for Order of Civil Contempt against defendant SKINNER for continuing to act as a bankruptcy petition preparer in contravention of the above referenced orders of the United States Bankruptcy Court for the Eastern District of Virginia. Defendant SKINNER filed a written response to the motion. On July 1, 2014, the court held a civil contempt hearing and found defendant SKINNER in civil contempt of its August 6, 2013 injunction order. SKINNER did not appear at the hearing. The court found SKINNER in violation of its previously issued injunction and ordered defendant SKINNER to pay

2



a fine for violating the injunction. This order was mailed to defendant SKINNER, via first class United States Mail, on July 12, 2014, at her address of record in Hampton, Virginia. SKINNER continued to act as a bankruptcy petition preparer.

In 2015, SKINNER prepared a bankruptcy petition for C.M. C.M. first met SKINNER in 2013 when she was seeking advice with a bankruptcy petition. C.M. knew SKINNER under the name "Sandra DeVose." At that time, SKINNER told C.M. she no longer prepared bankruptcy petitions because the bankruptcy court did not like her and referred her to another individual. Ultimately, C.M. did not file a bankruptcy petition at that time.

In 2015, C.M. reached out again to SKINNER for help with credit services for a fee. Along with the credit services, SKINNER assisted C.M. with C.M.'s bankruptcy petition. SKINNER used a computer to enter the information on the forms, provided legal advice to C.M., and further advised her on how she could have the bankruptcy court waive her filing fees. SKINNER was not a licensed attorney, and providing legal advice to C.M. was in direct violation of Title 11, United States Code, Section 110(e)(2)(A).

C.M. asked SKINNER to accompany her to the bankruptcy hearing, but SKINNER refused. On January 23, 2015, C.M. filed her bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia. This petition was prepared with substantial assistance by SKINNER, in violation of the bankruptcy court's order enjoining SKINNER from preparing bankruptcy petitions.

Ultimately, SKINNER and C.M. had a falling out, and SKINNER returned a portion of C.M.'s fee. C.M.'s bankruptcy petition was dismissed because C.M. was unable to complete the bankruptcy process without SKINNER's legal advice.

3



During the investigation of this matter, C.M. was interviewed by agents of the Federal Bureau of Investigation (FBI). C.M. indicated that it was "Sandra DeVose" who prepared her bankruptcy petition. When shown a picture of SONYA SKINNER, C.M. positively identified the picture as "Sandra DeVose."

                                                Respectfully submitted,

                                                Dana J. Boente
                                                United States Attorney

By: _____
       Joseph L. Kosky
       Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, SONYA SKINNER and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*Sonya Skinner*
SONYA SKINNER
Defendant

I am Suzanne V. Suher Katchmar, SONYA SKINNER's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

*S. Katchmar*
Suzanne V. Suher Katchmar
Attorney for SONYA SKINNER