IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | CRIMINAL NO.: 2:16-cr-00017 |
| ) | |
| ) | |
| ) | |
| SONYA SKINNER,     ) | |
| ) | |
| Defendant.    ) | |

**MOTION FOR LEAVE TO FILE LATE REPLY AND REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REVIEW OF REVOCATION OF BOND**

COMES NOW the defendant, Sonya Skinner, by and through counsel, and moves this Honorable Court for leave to file a reply to the Government's Response to Defendant's Motion for Review of Revocation of Bond; and for her grounds comes and says that defendant was in the process of retaining new counsel, who was allowed by order of this Court to substitute in the place and stead of her former counsel during the timeframe in which the reply was due. Counsel hereby requests leave of court to file the following reply:

The defendant does not present an unreasonable risk to the economic safety of the community, especially since she has been in federal custody since the revocation of her bond on May 11, 2016, at the Western Tidewater Regional Jail**.** During the course of her incarceration, circumstances have arisen that necessitate Ms. Skinner request this Honorable Court allow her to be released pending sentencing, or at least on a temporary basis.

Almost immediately upon her incarceration, Ms. Skinner has been experiencing profuse bleeding. As verified in the presentence report dated May 18, 2016, prepared by United States Probation Officer Diane Moczydlowski, Ms. Skinner was diagnosed with fibroids in 2008, and suffers from heavy bleeding and a lack of energy. She is prescribed medication. Additionally, as verified in the same report, Ms. Skinner was treated at Riverside Hospital in Newport News approximately January 3, 2013 when she received a blood transfusion. She was diagnosed with low iron in the past, and she takes a medication by the name of Ferrosol.

Ms. Skinner is in need of an immediate medical evaluation at a hospital, as it is apparent to Ms. Skinner, based upon her prior experience, that she may need another blood transfusion if the symptoms are not treated. The jail's medical staff recommended that she takes "birth control" pills, but that has not worked for Ms. Skinner in the past.

For the reasons set forth in Defendant's Motion for Review of Revocation of Bond, and in light of the factors set forth in 18 USC §3142(g), Ms. Skinner requests that the detention order in this matter be reviewed and reversed. In determining bond, the Court must review the following factors:

1. the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
    a. This offense involves a knowing disregard of bankruptcy laws or rules and criminal contempt.
2. the weight of the evidence against the person;

      a. Ms. Skinner has already pleaded guilty and accepted responsibility for the matter for which sentencing is pending, but the new allegations that were levied by the Government that resulted in the revocation of her bond have not even been presented to a Grand Jury or risen to the level of probable cause, and Ms. Skinner's former counsel rebutted the credibility of the Government's evidence at the prior hearing; and

3. the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on Probation/parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

      a. The Defendant is a longtime resident of Newport News, Virginia. Ms. Skinner has been out on bond the entire time this matter has been pending, since she even came under investigation. She resides with her husband in Newport News and she has no criminal history. Pretrial Services recommended the defendant be released on conditions based on its assessment of her time in the community and risk of flight and danger; and

4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(l)(B)(xi) or (c)(l)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required,

    a. The Defendant restates the previous answer and relies on the previous recommendation of pretrial services to release her pending sentencing and/or trial. In addition, there are no allegations that defendant engaged in any acts of violence nor have any acts of violence been committed on her behalf. The transactions to which Ms. Skinner pleaded guilty did not involve firearms or violence.

Based on the facts and reasons set out above and in the Defendant's Motion for Review of Revocation of Bond, Ms. Skinner submits that she is not a flight risk and that her release would not pose a danger to the community. The defendant submits that given the circumstances of this case and her medical condition, her release under strict home confinement with electronic monitoring and amended conditions, with the caveat that she be permitted to obtain necessary medical treatment is appropriate in this matter.

    Respectfully Submitted,

                                     SONYA SKINNER

                                       By_____s/_____
                                              Of Counsel

-5-

Nicholas D. Renninger, Esq.
VSB No.77237
Counsel for Defendant Sonya Skinner
KOZAK, DAVIS & RENNINGER, P.C.
355 Crawford Street, Suite 700
Portsmouth, Virginia 23704
Tel: 757-222-2224
Fax: 757-399-8045
nrenninger@kozakfirm.com

## CERTIFICATE OF SERVICE

I certify that on this 9th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

Joseph Kosky, Esq.
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number – 757-441-6331
Facsimile Number - 757-441-6689
Email – joseph.kosky@usdoj.gov
*Attorney for the United States*

/s/
Nicholas D. Renninger, Esq.
VSB No.77237
Counsel for Defendant Sonya Skinner
KOZAK, DAVIS & RENNINGER, P.C.
355 Crawford Street, Suite 700
Portsmouth, Virginia 23704
Tel: 757-222-2224
Fax: 757-399-8045
nrenninger@kozakfirm.com