IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:16cr17** |
| | ) | |
| **SONYA SKINNER,** | ) | |
| | ) | |
| *Defendant*. | ) | |

**GOVERNMENT'S POSITION WITH RESPECT TO
SENTENCING FACTORS IN THE PRESENTENCE REPORT**

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer. After reviewing the Presentence Investigation Report and applying the factors of Title 18, United States Code, Section 3553(a) to this case, the government's position is that a guideline sentence of 9 months' imprisonment is appropriate.

**I.      The United States Has No Objection to the PSR**

The United States hereby represents that it has no objections to the facts, the findings or to the calculations of the presentence report. The United States does not intend to call witnesses or present evidence at the sentencing hearing, unless the defendant persists in her objection to the application of Sentencing Guideline Section 3B1.3 for her abuse of a position of public trust in the commission of the instant offense.

In the instant case, the United States contends that, in accordance with Application Note 3 of Section 3B1.3, "the defendant provide[d] sufficient indicia to the victim[s] that the defendant legitimately holds a position of private or public trust when, in fact, the defendant [did] not."  In

this case, the defendant held herself out to be a bankruptcy petition preparer to her clients when she had been permanently enjoined and barred from performing that role by the United States Bankruptcy Court for the Eastern District of Virginia. As the Application Note further explains, "[i]n making the misrepresentation, the defendant assumes a position of trust, relative to the victim, that provides the defendant with the same opportunity to commit a difficult-to-detect crime that the defendant would have had if the position were held legitimately." If necessary, the United States will present the testimony of SA Julie Shields of the Federal Bureau of Investigation (FBI), and/or documentary evidence to support the application of this enhancement.

II. **A Sentence of 9 Months of Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 128 S. Ct. 558 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."

*Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. App'x 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying these sentencing factors to the facts of this case demonstrates that a sentence of 9 months of incarceration is appropriate and reasonable.

    A.    <u>Nature and Circumstances of the Offense</u>

The facts as laid out in the PSR demonstrate that the defendant, engaged in a scheme to defraud individuals seeking assistance to file bankruptcy petitions. Under federal law, the defendant operated as a bankruptcy petition preparer until she was enjoined from doing so by the United States Bankruptcy Court for the Eastern District of Virginia because of her own misconduct. Despite the Court's order, the defendant repeatedly engaged in the paid practice of preparing bankruptcy petitions for her clients. The defendant was admonished by the Court time and again and found to be in contempt. Nonetheless, the defendant continued to prepare

bankruptcy petitions.

Based upon this continuing course of conduct, a federal grand jury returned an indictment against the defendant for bankruptcy fraud and criminal contempt of court. The defendant was arrested on these charges and released on bond. The United States and the defendant entered into a plea agreement whereby the defendant would enter a plea to a misdemeanor charge of knowingly violating a bankruptcy law or rule and misdemeanor criminal contempt. The defendant entered into this plea agreement and pleaded guilty to the misdemeanor charges on March 23, 2016. Shortly thereafter, the United States learned that during plea negotiations, and after she entered her guilty pleas, *the defendant was still in the practice of preparing bankruptcy petitions*. Based upon this egregious violation of her bond conditions and her plea agreement, the United States successfully moved to have her bond revoked and she was incarcerated pending sentencing. In addition, to avoid seeking new charges against her, the defendant agreed to amend her plea agreement and enter a guilty plea to one of the felony charges still pending against her.

The defendant's fraud is a serious one. Over many years, she has perpetuated a fraud on unsuspecting bankruptcy clients who trusted and relied upon her advice to navigate through the difficult process of filing for bankruptcy protection. Even worse is the fact that her clients were in such dire financial straits that they required bankruptcy protection from the federal courts. Despite knowing this fact and despite being well aware she had been permanently enjoined from acting as a bankruptcy petition preparer, the defendant continued over and over again, to accept fees and payments from distressed bankruptcy filers. The defendant never disclosed to her clients that she had been barred from preparing bankruptcy petitions. The level of her fraud reached such a point that the Clerk's office of the bankruptcy court erected a sign indicating that it would not accept any filings prepared by the defendant. When asked about this sign, the defendant would explain it to her clients by saying that the Court did not like her because she knew too many tricks,

or words to that effect.

The defendant's fraud is also serious because of the assault against the bankruptcy system it represents. Despite being fined, enjoined, and held in contempt of court, the defendant defiantly continued her brazen disregard for the laws and rules of the bankruptcy system. Such activities necessarily undermine the Court's authority in the eyes of the public and eventually erode the public's faith in our system of justice. The defendant's contempt for the law was so great that even after being charged with serious felony violations of the law, she still continued to prepare bankruptcy petitions.

  B. <u>History and Characteristics of the Defendant</u>

The defendant is a highly educated individual, having earned Master's degree from St. Leo University and a bachelor's degree from Hampton University. Although she is a criminal history category I, she does have a prior conviction for shoplifting and an arrest for an unlawful accounting entry where it is alleged she fraudulently processed two checks for her boyfriend. Although this history is relatively minor, when coupled with her current count of convictions, it demonstrates the defendant's willingness to engage in fraudulent behavior.

  C. <u>Other Relevant Factors</u>

Title 18 U.S.C. § 3553(a)(2) states that the court should fashion a sentence that will serve the various purposes of sentencing. All of the stated considerations are of course relevant, but given the pattern of conduct exhibited by the defendant, the government emphasizes the need for the sentence to provide just punishment and afford adequate deterrence. As stated above, the both the court system and the defendant's clients are victims of this particular offense. The punishment should take into account the type of harm done. With regard to deterrence, the government's concern is that, should the sentence in this case not be severe enough, the defendant will return to fraudulent criminal activity that put her before the Court in this instance. The government's

position is that a guideline sentence of incarceration would foreclose any thoughts along those lines, as well as address the other Section 3553 factors mentioned above. Furthermore, the Court must consider the societal goal of specific and general deterrence. This defendant's personal history suggests the Court need to carefully consider a sentence that will adequately deter her from making similar mistakes in the future. A strong guideline sentence is necessary to achieve this goal.

### IV. Conclusion

For these reasons, as well as those to be articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant to 9 months of imprisonment.

>DANA J. BOENTE
>UNITED STATES ATTORNEY
>
>By: _____/s/_____
>Joseph L. Kosky
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, Virginia 23510
>Office Number (757) 441-6331
>Facsimile Number (757) 441-6689
>E-Mail Address - joseph.kosky@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas D. Renninger, Esquire
Kozak, Davis & Renninger, P.C.
355 Crawford Street, Suite 700
Portsmouth, VA 23704
nrenninger@kozakfirm.com

I hereby certify that on the 23rd day of September, 2016, a true copy of the foregoing government's position paper was sent via electronic mail copy to:

Diane C. Moczydlowski
United States Probation Office
701 East Broad Street
Richmond, Virginia 23219
Diane_Moczydlowski@vaep.uscourts.gov

/s/
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address - joseph.kosky@usdoj.gov